UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELGIN RAY LOFTON,

v.  Case No.  8:02-cr-122-T-24EAJ
    8:07-cv-908-T-24EAJ

UNITED STATES OF AMERICA.

_____/

## ORDER

On February 20, 2007, Defendant Elgin Ray Lofton signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. Lofton filed the motion in this Court on May 25, 2007. (Doc. No. cv-1; cr-710).

Background

Lofton was found guilty, after a jury trial, of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 100 kilograms or more of marijuana in violation of 21 U.S.C. § § 846, 841(b)(1)(A) and 841(b)(1)(B). On October 6, 2003, the Court sentenced Lofton to 188 months incarceration. Judgment was entered that same day.

Lofton appealed. The United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence on October 27, 2005. Lofton filed a petition for writ of certiorari in the United States Supreme Court that was denied on February 21, 2006.

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to

be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

## Motion To Vacate Is Time-Barred

Title 28 U.S.C. § 2255 contains a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.  A judgment becomes final when the United States Supreme Court has denied certiorari. *United States v. Simmonds,* 111 F.3d 737, 744 (10th Cir. 1997).

The United States Supreme Court denied Lofton's petition for writ of certiorari on February 21, 2006.  Lofton had until February 21, 2007, to file a timely motion to vacate. He did not file his motion to vacate in this Court until May 25, 2007.

The record demonstrates that on February 21, 2007, Lofton submitted a motion to vacate dated February 20, 2007, to the United States Attorney's Office.  (See Certified Mail Receipts in the civil case file). However, Rule 3(a) of the Rules on Motion Attacking Sentence under Section 2255 requires that the Defendant file an original and two copies of the motion <u>with the clerk [of the Court]</u>. Lofton did not comply with Rule 3(a) by sending his motion to vacate to the United States Attorney's Office.  Accordingly, his present motion to vacate, which was not filed in this Court until May 25, 2007, is time-barred.

Any allegation that the motion to vacate is timely because the date on the presently-filed motion is February 20, 2007, has no merit.  Any such allegation would be invoking the

mailbox rule which does not apply in this case because Lofton did not forward the motion to vacate *to this Court* in February 2007. In *Houston v. Lack*, 487 U.S. 266 (1988), the Court held that a prisoner's filing is deemed filed when it is delivered to prison authorities for forwarding *to the Court*. However, the prisoner mailbox rule is construed strictly. An inmate does not receive the benefit of the rule if he has failed to meet his responsibility of doing all he reasonably can to ensure documents are received for filing in a timely manner. For example, a prisoner cannot invoke *Houston* if his document is filed late because of his failure to affix proper postage, *to properly address outgoing mail*, or to follow reasonable prison regulations governing outgoing legal mail. *See Dison v. Whitley*, 20 F.3d 185, 186-87 (5th Cir.1994). Nor does that rule apply if a pro se prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court. *See Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir.2001).

Furthermore, Lofton did not demonstrate due diligence in determining whether his motion to vacate reached this Court. There is authority for the proposition that a prisoner may forfeit his right to invoke the mailbox rule by failing to exercise reasonable diligence in ascertaining the status of his filing after delivering a mailing to prison authorities. *See Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir. 2001) ("A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time." ); *see generally Drew v. Department of Corrections*, 297 F.3d 1278, (11th Cir.2002) (in different context, finding that habeas petitioner had not diligently attempted to confirm status of order where he waited 16 months before inquiring to clerk's office).

On May 4, 2007, Lofton sent a letter to the United States Attorneys Office inquiring

about his 2255 motion to vacate. On May 8, 2007, that office forwarded the letter to this Court. On May 11, 2007, this Court sent Lofton a copy of the docket sheet and a notation that he did not have a pending motion to vacate.

Lofton did not exercise due diligence that would entitle him to equitable tolling because he continued to mail his filings to the United States Attorneys Office rather than to the United States District Court. The address of this Court was available to him at the prison library. Lofton did not meet the requirements of Rule 3(a) of the Rules on Motion Attacking Sentence under Section 2255 until May 18, 2007.

Accordingly, the court orders:

That Lofton's motion to vacate (Doc. No. cv-1; cr-710) is denied as time-barred. The Clerk is directed to enter judgment against Lofton in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 19, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Anthony E. Porcelli
Elgin Ray Lofton